IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GEORGE H. VAN WAGNER, III**,

        Plaintiff,

        v.                                Civil Action No. 3:12-CV-16
                                                               Judge Bailey

**STEVE CRITES**, **CORPORAL JOSEPH WALKER**, individually and in his official capacity as West Virginia State Trooper, **HARRY SNOW**, individually and in his capacity as Magistrate for Berkeley County, W. Va., **CHRISTINE RILEY**, individually and in her official capacity as Assistant Prosecuting Attorney for Berkeley County, W. Va., **JUDGE RONALD E. WILSON**, individually and in his capacity as Chairman of WV Judicial Investigation Commission, and the **WV JUDICIAL INVESTIGATION COMMISSION**,

### ORDER DENYING PLAINTIFF'S EMERGENCY PETITION
### FOR WRIT OF PROHIBITION

        On this day, the above-styled matter came before this Court for consideration of the plaintiff's Emergency Petition for Writ of Prohibition [Doc. 70], filed June 4, 2012.  For the reasons that follow, this Court finds that the plaintiff's Petition should be **DENIED**.

### I. Background

        The plaintiff, George Van Wagner, has this section 1983 case pending before the United States District Court for the Northern District of West Virginia.  In addition, the plaintiff has been charged with fraudulent schemes and felony embezzlement in various cases in the Berkeley County, West Virginia, Circuit Court (Case Numbers 11-B-99, 11-F-

362, 11-F-705, and 12-F-158); the four fraudulent scheme charges in violation of W. Va. Code § 61-3-24(d) and one felony embezzlement charge in violation of W. Va. Code § 61-3-20 have been consolidated into Case Number 12-F-158. On June 4, 2012, the plaintiff filed the instant Emergency Petition for Writ of Prohibition [Doc. 70], requesting this Court "to issue a Writ of Prohibition directed at the Magistrate and Circuit Court of Berkeley County, [West Virginia], to prohibit any further prosecution in the 11-F-705 case, to prohibit any further prosecution of the 11-B-99 case, to prohibit prosecution (and void) the duplicitous 12-F-158 (which is scheduled for arraignment on June 4th, 2012) . . ." [Doc. 70 at 3].

## II. Applicable Standard

As the Fourth Circuit once explained, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." **Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.**, 369 F.3d 385, 390 (4th Cir. 2004); *see also* **Wickline v. Dutch Run-Mays Draft, LLC**, 606 F.Supp.2d 633, 636 (S.D. W.Va. 2009) (same); Fed. R. Civ. P. 12(h)(3). Because of the nature of the plaintiff's request for relief, this Court now raises *sua sponte* the question of subject-matter jurisdiction.

## III. Discussion

In **Younger v. Harris**, 401 U.S. 37 (1971), the Supreme Court of the United States articulated an abstention doctrine to prevent federal courts from unwarranted involvement in pending state court criminal prosecutions, notwithstanding allegations of federal constitutional violations. The Fourth Circuit has recognized that **Younger** abstention

should not be construed lightly:

> Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

***Nivens v. Gilchrist***, 444 F.3d 237, 241 (4th Cir. 2006) (citing ***Middlesex County Ethics Comm. v. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982)) (footnote omitted).

The Fourth Circuit then elaborated on those "few extraordinary exceptions," as follows:

> The Supreme Court has recognized that a federal court may disregard *Younger*'s mandate only where (1) "there is a showing of bad faith or harassment by state official responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable injury.

***Nivens***, 444 F.3d at 241 (quoting ***Kugler v. Helfant***, 421 U.S. 117, 124 (1975)).

Upon careful consideration of the above, the Court finds that the plaintiff's request for a writ of prohibition is barred by *Younger*. In other words, the elements of the doctrine are satisfied, and the plaintiff has failed to persuade the Court that one of the exceptions applies. With regard to the elements, the Court first notes that there is an ongoing state criminal proceeding that pertains to charges brought prior to substantial progress in this federal proceeding (**State v. Van Wagner**, Case No. 12-F-7158). Next, there can be no question that this case implicates a vital interest for the State of West Virginia; the State has the duty to protect its residents from fraudulent schemes and embezzlement. Lastly, the plaintiff has a mechanism in the state proceedings to raise his grievances. As for the

exceptions, this Court is unpersuaded that any are applicable in the instant case. In fact, the plaintiff fails to (1) claim bad faith on the part of the State, (2) argue that West Virginia Code § 61-3-24(d) and § 61-3-20 are flagrantly and patently violative of express constitutional prohibitions, or (3) assert that any other extraordinary circumstances exist to justify this Court's interference with ongoing state criminal proceedings. Accordingly, the Court finds that the plaintiff's request for a writ of prohibition in connection with the pending criminal proceeding below should be **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiff's request for a writ of prohibition should be, and hereby is, **DENIED**. Accordingly, the plaintiff's Emergency Petition for Writ of Prohibition **[Doc. 70]** should be, and hereby is, **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and to mail a certified copy to the *pro se* plaintiff.

**DATED:** June 7, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE