IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GEORGE H. VAN WAGNER, III**,

    Plaintiff,

v.                                                                               Civil Action No. 3:12-CV-16
                                                                                Judge Bailey

**CORPORAL JOSEPH WALKER**, individually and
in his official capacity as West Virginia State Trooper,
and **CHRISTINE RILEY**, individually
and in her official capacity as Assistant
Prosecuting Attorney for Berkeley County,
W. Va.,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS BY DEFENDANT CORPORAL JOSEPH WALKER

Pending before this Court is the Motion to Dismiss by Defendant Corporal Joseph Walker on the Basis of Qualified Immunity [Doc. 35], filed on April 3, 2012. In his motion to dismiss, Defendant Walker requests this Court to dismiss him, individually and in his official capacity, from this proceeding [Doc. 35 at 2]. In support of the motion to dismiss, Defendant Walker argues that he is entitled to qualified immunity with regard to his investigation, obtaining of warrants, and the arrest of the plaintiff because he did not violate any of the plaintiff's clearly established constitutional rights [Doc. 35-1 at 4-7].

On April 4, 2012, this Court issued a *Roseboro* Notice to the plaintiff, notifying the plaintiff of the motion to dismiss and informing him that he "shall file any opposition explaining why his case should not be dismissed as to the movant Defendant" [Doc. 38 at

1

2]. On April 13, 2012, the plaintiff filed his Response to Motion to Dismiss by Defendant Corporal Joseph Walker on the Basis of Qualified Immunity [Doc. 53]. On the same day, the plaintiff filed exhibits that he stated were relevant to various motions to dismiss, including the one filed by defendant Walker [Doc. 54].

The plaintiff filed leave to amend the complaint and was permitted to correct a typographical error in one paragraph that was relevant only to defendant Magistrate Judge Harry Snow [*See* Doc. 83]. Because this revision is not relevant to the plaintiff's claims against defendant Corporal Walker, the defendant is not required to file a revised motion to dismiss. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d. ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."); *see also* **Dolgaleva v. Virginia Beach City Public Schools**, 264 Fed.Appx. 820, 825 (4th Cir. 2010) (discussing the procedural history of a case in which a district court determined that a defendant was not required to file a new motion to dismiss after an amended complaint was filed) (the district court's ruling on the motion to dismiss was reversed in part on other grounds). As such, for purposes of ruling on the motion to dismiss, this Court will interpret the Motion to Dismiss by Defendant Corporal Joseph Walker on the Basis of Qualified Immunity as applying to the plaintiff's Second Amended Complaint.

I. Background

In his Amended Complaint and Second Amended Complaint, the plaintiff states that he is bringing his case "under Section 1983 to redress [his allegation of violations to his Fourteenth and Fourth Amendment rights as well as being subject to malicious

prosecution]" [Doc. 6 at 24]. The plaintiff alleges that, on June 7, 2010, defendant Corporal Joseph Walker prepared and served a search warrant for bank records of various business entities with which Van Wagner was associated [*Id.* at 8]. The plaintiff further alleges that, on October 22, 2010, he informed defendant Walker that this information did not provide all of the relevant information, stating that he "had documentary proof to exonerate himself . . ." [*Id.* at 9].

In addition, the plaintiff alleges that he informed defendant Walker that he believed that the allegations made by Steven Crites were merely made in retaliation for information that the plaintiff provided to the Internal Revenue Service about Mr. Crites [Doc. 6 at 9]. The plaintiff claims that he "insisted" that defendant Corporal Walker begin an investigation into Mr. Crites, to which defendant Corporal Walker "blatantly informed [the plaintiff] that 'he did not care what Crites, (who is a member of the Berkeley County Sherrif's Department) had done and that he didn't want to see any proof or documentation, and that he was not going to start an investigation on Crites'" [*Id.*]. The plaintiff states that he filed an official complaint against defendant Corporal Walker with Major Gordon A. Ingold and the Professional Standards Unit of the West Virginia State Police [*Id.* at 12]. The plaintiff then alleges that, "[a]s a retaliatory action," defendant Corporal Walker "manipulatively went before a Magistrate [Judge] to bring [additional criminal] charges without providing all the facts as he was aware of them" [*Id.* at 13].

The plaintiff also claims that he has been maliciously prosecuted based upon various actions by the defendants, including a "failure to fully investigate the facts surrounding the case" [Doc. 6 at 15]. The plaintiff further alleges that all of the defendants engaged in a conspiracy to deprive the plaintiff of his due process rights [*Id.* at 17-18].

3

II. Applicable Law

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003)(citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). In so doing, the complaint must meet a "plausibility" standard such that the "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 663 (2009) (relying on **Twombly**, 550 U.S. at 556).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

III. Discussion

In his motion to dismiss, defendant Corporal Joseph Walker argues that he did not

4

violate any of the plaintiff's clearly established constitutional rights and is entitled to qualified immunity [Doc. 35-1 at 3-7]. In response, the plaintiff argues that defendant Walker is not entitled to qualified immunity [Doc. 53]. Among other arguments, the plaintiff argues that "immunity does not extend to malicious or otherwise oppressive acts of public officials and centers on whether the officer believed his conduct did not violate plaintiff's constitutional rights" [*Id.* at 5].

"'Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate a clearly established statutory or constitutional rights of which a reasonable person would have known.' **Ridpath v. Board of Governors Marshall University**, 4447 F.3d 292, 306 (4th Cir. 2006) (quoting **Wilson v. Layne**, [526 U.S. 603, 609 (1999) (internal quotes omitted)]. Officials will receive immunity unless the § 1983 claim satisfies a two-prong test: (1) the allegations, if true, substantiate a violation of a federal statutory or constitutional right and (2) the right was 'clearly established' such that a reasonable person would have known his acts or omissions violated that right. **Id.**; *see also* **Saucier v. Katz**, 533 U.S. 194, 201 . . . (2001), *modified by* **Pearson v. Callahan**, 555 U.S. 223 . . . (2009) (setting up this two-pronged framework)." **Brockington v. Boykins**, 637 F.3d 503, 506 (4th Cir. 2011).

The plaintiff's allegations against defendant Corporal Walker are based upon alleged violations to his Fourth Amendment constitutional rights as part of a malicious prosecution claim.[1] The Fourth Circuit has stated that a "section 1983 malicious prosecution" claim is

---

[1] The plaintiff's alleges that the actions of defendant Corporal Walker led to the issuance of an arrest warrant that was not based upon probable cause.

5

"simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution-specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." **Lambert v. Williams**, 223 F.3d 257, 262 (4th Cir. 2000). "To establish a claim for malicious prosecution in West Virginia, the [plaintiff] must prove [the following]: '(1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) that it was caused or procured by defendant; (3) that it was without probable cause; and (4) that it was malicious. . . .'" **Walker v. Tyler Cnty. Comm'n**, 11 Fed. Appx. 270 (4th Cir. 2001)(quoting **Hines v. Hills Dept. Stores, Inc.**, 193 W. Va. 91, 454 S.E.2d 385, 390 (1994)(internal citations omitted)).[2] As such, the proceeding about which the plaintiff is complaining must have been discharged in plaintiff's favor before a claim for malicious prosecution can be ripe for review. See **Lambert v. Williams**, 1998 WL 904731 (4th Cir. Dec. 29, 1998)(stating that malicious prosecution claim was not ripe for a district court's review until after the state proceedings were terminated in plaintiff's favor).

However, the Circuit Court for Berkeley County, West Virginia, charges against the plaintiff (**State v. Van Wagner**, Case No. 12-F-158) are still pending.[3] As such, this claim

---

[2]Although the plaintiff states that he is bringing a malicious prosecution claim under his section 1983 cause of action with regard to violations to his Fourth Amendment rights, this Court may look to the closely analogous malicious prosecution cause of action under West Virginia law. **Brooks v. City of Winston-Salem**, 85 F.3d 178, 181 (4th Cir. 1996).

[3]The plaintiff has been charged with fraudulent schemes and felony embezzlement in various cases in the Berkeley County, West Virginia, Circuit Court (Case Numbers 11-B-99, 11-F-362, 11-F-705, and 12-F-158); the four fraudulent scheme charges in violation of W. Va. Code § 61-3-24(d) and one felony embezzlement charge in violation of W. Va. Code § 61-3-20 have been consolidated into Case Number 12-F-158.

is not yet ripe for review by this Court. Accordingly, this Court will dismiss defendant Corporal Joseph Walker from this proceeding without prejudice.

IV. Conclusion

For the foregoing reasons, this Court hereby **GRANTS in part**[4] the Motion to Dismiss by Defendant Corporal Joseph Walker **[Doc. 35]** and **DISMISSES without prejudice** Joseph Walker from the Second Amended Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiff.

**DATED:** July 19, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]This Court does not find at this time that the defendant is entitled to qualified immunity at this stage in the proceeding; this Court is merely dismissing the defendant without prejudice based upon the status of the state proceeding.