IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GEORGE H. VAN WAGNER, III**,

      Plaintiff,

v.      Civil Action No. 3:12-CV-16
        Judge Bailey

**CORPORAL JOSEPH WALKER**,
individually and in his official capacity
as West Virginia State Trooper,
and **CHRISTINE RILEY**, individually
and in her official capacity as Assistant
Prosecuting Attorney for Berkeley County,
W. Va.,

      Defendants.

## ORDER GRANTING DEFENDANT CHRISTINE RILEY'S MOTIONS TO DISMISS

      Pending before this Court is Defendant Christine Riley's Rule 12(b)(6) [Motion] to Dismiss and Incorporated Memorandum of Law [Doc. 23], filed on March 27, 2012, and Defendant Christine Riley's Rule 12(b)(6) Motion to Dismiss Plaintiff's 2nd [sic] Amended Complaint and Incorporated Memorandum of Law [Doc. 80], filed on June 26, 2012.  On March 28, 2012, this Court issued a *Roseboro* Notice to the plaintiff, notifying the plaintiff of the motion to dismiss and informing him that he "shall file any opposition explaining why his case should not be dismissed as to the movant defendant[ ]" [Doc. 26 at 2].  On April 5, 2012, the plaintiff filed his Response to Motion to Defendant Christine Riley's Rule 12(b)(6) [Motion] to Dismiss and Incorporated Memorandum of Law [Doc. 42].  Based upon

1

the filing of a Second Amended Complaint, defendant Riley filed a renewed motion to dismiss [Doc. 80] on June 26, 2012. This Court issued another *Roseboro* Notice to the plaintiff, again notifying him that he "shall file any opposition explaining why his case should not be dismissed as to the movant defendant" within thirty days [Doc. 81 at 2]. The plaintiff filed a response to defendant Riley's motion to dismiss the second Amended Complaint on July 17, 2012 [Doc. 87].

I. Background

In his Amended Complaint and Second Amended Complaint, the plaintiff states that he is bringing his case "under Section 1983 to redress [his allegation of violations to his Fourteenth and Fourth Amendment rights as well as being subject to malicious prosecution]" [Doc. 6 at 24]. The plaintiff alleges that defendant Riley improperly proffered an exhibit that she stipulated did not have Van Wagner's signature [Doc. 6 at 11]. In addition, the plaintiff claims that defendant Riley "adamantly objected to any documents Van Wagner wanted to proffer, before she or the Court would even review them for relevancy [*Id.*]. The plaintiff also alleges that defendant Riley "was overly eager to convict and abandoned her quasi-judicial role in safeguarding the accused, when the accused had exonerating proof" [*Id.*].

In her motion to dismiss, Defendant Riley states that, "[a]s Assistant Prosecuting Attorney, [her] role was limited to one single act, namely conducting a preliminary hearing . . . before Magistrate Harry Snow . . . to determine whether sufficient probably cause existed to support the arrest warrant obtained against [Mr. Van Wager]" [Doc. 23 at 3; Doc. 80 at 3]. As such, she argues that the claims against her "are barred by common law absolute immunity afforded to state prosecuting attorneys, as the alleged misconduct of

2

Defendant Riley arises directly from her participation in functions intimately associated with the judicial phase of the criminal process " [Doc. 23 at 3; Doc. 80 at 2 (both citing **Imbler v. Pachtman**, 424 U.S. 409, 430 (1976))].

## II.  Applicable Law

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003)(citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); see also **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). In so doing, the complaint must meet a "plausibility" standard such that the "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 663 (2009) (relying on **Twombly**, 550 U.S. at 556).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR

3

R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

### III. Discussion

In ***Imbler v. Pachtman***, 424 U.S. 409 (1976), the Supreme Court of the United States held that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." ***Id.*** at 431. In so holding, the Court made clear that this immunity is absolute because "qualifying a prosecutor's immunity would disserve the broader public interest [by] prevent[ing] the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." ***Id.*** at 427-28. Finally, in "delineat[ing] the boundaries of [its] holding," the Court explained that this absolute immunity protects a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." ***Id.*** at 430.

In the instant case, the plaintiff has failed to identify an act taken by Assistant Prosecutor Riley that was not intimately associated with the judicial phase of the criminal process. As such, Assistant Prosecutor Riley is entitled to prosecutorial immunity.[1]

---

[1] Although the plaintiff responds that such immunity is not a bar to prospective injunctive relief, the plaintiff has not demonstrated that a legitimate basis for this type of relief exists. In the Second Amended Complaint, the plaintiff merely states that he "would ask for injunctive relief from the Court as well as any other relief afforded him" [Amended Complaint, Doc. 6 at 25; Doc. 83, discussing the revision constituting the Second Amended Complaint]. However, the plaintiff has not alleged any facts pertaining to an ongoing injury, an irreparable harm, or this Court's ability to redress any such injury. See ***Dept. of Labor v. Wolf Run Mining Co.***, 452 F.3d 275, 280 (4th Cir. 2006)("In entering a preliminary injunction, a court must consider the following . . . factors: (1) the likelihood of irreparable harm to the plaintiff if the [injunctive relief] is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest."). With regard to the plaintiff's claims against defendant Riley, the complaint merely alleges a harm based upon past actions. As such, even with a liberal construction of his complaint, the plaintiff has not alleged a cause of

IV. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** the Motions to Dismiss **[Docs. 23 and 80]** filed by defendant Christine Riley and **DISMISSES** Christine Riley from the Second Amended Complaint. Because there are no remaining defendants in this proceeding, it is hereby **ORDERED stricken** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiff.

**DATED:** July 19, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

action for injunctive relief against defendant Riley. Accordingly, defendant Riley is entitled to prosecutorial immunity.