# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GEORGE H. VAN WAGNER, III**,

      Plaintiff,

v.                                                       Civil Action No. 3:12-CV-16
                                                           Judge Bailey

**STEVE CRITES**, **CORPORAL JOSEPH WALKER**, individually and in his official capacity as West Virginia State Trooper, **HARRY SNOW**, individually and in his capacity as Magistrate for Berkeley County, W. Va., **CHRISTINE RILEY**, individually and in her official capacity as Assistant Prosecuting Attorney for Berkeley County, W. Va., **JUDGE RONALD E. WILSON**, individually and in his capacity as Chairman of WV Judicial Investigation Commission, and the **WV JUDICIAL INVESTIGATION COMMISSION**,

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On this day, the above-styled matter came before this Court for consideration of the plaintiff's Motion for Reconsideration of Dismissing Case and Request for Ruling Upon the Merits of Pending Motions [Doc. 93], filed July 25, 2012. In his motion, the plaintiff states that he believes that "this Court erred in granting dismissals to all of the Defendants except Riley because without renewing a Motion for Dismissal, previous requests for dismissals were moot when this Court granted leave to file a second amended complaint" [*Id.* at 1]. The plaintiff also argues that this Court erred by dismissing the defendants "before ruling upon the merits of pending motions before this Court" [*Id.* at 1-2]. For the reasons that

1

follow, this Court finds that the plaintiff's motion for reconsideration should be **DENIED**.

## I. Background

The plaintiff filed his original Complaint on February 29, 2012 [Doc. 1]. On March 12, 2012, the plaintiff filed an Amended Complaint [Doc. 6]. On April 2, 2012, the plaintiff filed a Motion to Amend/Correct [Doc. 33] to correct a typographical error. On June 14, 2012, this Court granted the plaintiff's Motion to Amend/Correct to the extent that it could be construed as a Motion to Amend the Amended Complaint [Doc. 73]. This Court further directed the plaintiff to file a Second Amended Complaint with the requested revision [*Id.*]. On the same day, the plaintiff filed another Motion for Leave [Doc. 74] and a Motion to Amend the Amended Complaint [Doc. 75], requesting the same revision to correct the typographical error in the plaintiff's Amended Complaint. In particular, the plaintiff sought leave to replace a paragraph[1] on page eight of the Amended Complaint [Doc. 6], filed on March 12, 2012, with a paragraph[2] on pages seven and eight of the original Complaint [Doc. 1]. On July 9, 2012, this Court entered an order granting the plaintiff's motions [Doc. 83] and stating that, "for purposes of the pending motions to dismiss, this Court [would] utilize the copy of the complaint that is currently filed with this Court [Doc. 6], incorporating the requested revision described by the defendant" [Doc. 83 at 2-3].

---

[1]The following paragraph is the paragraph that the plaintiff seeks to remove from the Amended Complaint: "Magistrate Snow repeatedly informed Van Wagner he didn't have the time to allow eafter without an attorney, 'he would lock him up until he collected Social Security'."

[2]The following paragraph is the paragraph that the plaintiff seeks to add to the Amended Complaint: "Magistrate Snow repeatedly informed Van Wagner he didn't have the time to allow documentation into evidence and that if he appeared hereafter without an attorney, 'he would lock him up until he collected Social Security'."

On March 27, 2012, defendant Christine Riley filed a motion to dismiss and an incorporated memorandum of law [Doc. 23]. This Court issued a *Roseboro* Notice [Doc. 26] to the defendant on March 28, 2012. After the plaintiff revised the Amended Complaint (in the form of the Second Amended Complaint), defendant Riley filed a renewed motion to dismiss on June 26, 2012 [Doc. 80]. This Court issued a *Roseboro* Notice [Doc. 81] to the defendant on June 27, 2012. On July 19, 2012, after being fully briefed by the parties, this Court entered its Order Granting Defendant Christine Riley's Motions to Dismiss [Doc. 91], which also struck the case from the active docket of the Court because there were no remaining defendants at the time of defendant Riley's dismissal [*Id.* at 5].

On March 27, 2012, defendant Harry L. Snow filed a motion to dismiss and a memorandum of law in support thereof [Docs. 24 and 25]. This Court issued a *Roseboro* Notice [Doc. 26] to the defendant on March 28, 2012. On July 12, 2012, after being fully briefed by the parties, this Court entered an Order Granting the Motion to Dismiss Filed on Behalf of Defendant Harry L. Snow [Doc. 86]. In its order, this Court noted that Defendant Magistrate Judge Snow specifically renewed his motion to dismiss and memorandum of law in support thereof in his June 25, 2012, Response to the Plaintiff's Second Amended Complaint [*Id.* at 2, referring to Doc. 79].

On April 3, 2012, defendant Corporal Joseph Walker filed a Motion to Dismiss on the Basis of Qualified Immunity [Doc. 35]. On April 4, 2012, this Court entered a *Roseboro* Notice [Doc. 38] to the defendant. On July 19, 2012, after being fully briefed by the parties, this Court entered an Order Granting Motion to Dismiss by Defendant Corporal Joseph Walker [Doc. 90]. In that order, this Court specifically noted that defendant Walker was not required to file a revised motion to dismiss after the plaintiff moved to amend his Amended

3

Complaint because the "revision [was] not relevant to the plaintiff's claims against defendant Corporal Walker" [*Id.* at 2, citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d. ed. 2010) and ***Dolgaleva v. Virginia Beach City Public Schools***, 264 Fed.Appx. 820, 825 (4th Cir. 2010)].

On April 4, 2012, defendants West Virginia Judicial Investigation Commission and the Honorable Ronald E. Wilson filed a motion to dismiss [Doc. 39]. On April 5, 2012, this Court issued a *Roseboro* Notice [Doc. 45] to the defendant. On June 25, 2012, these defendants filed a response to the plaintiff's Second Amended Complaint [Doc. 79] in which they renewed their motion to dismiss and memorandum of law in support thereof [Doc. 79]. In its July 12, 2012, Order Granting the motion to Dismiss of the West Virginia Judicial Investigation Commission and the Honorable Ronald E. Wilson [Doc. 85], this Court specifically noted the defendants' renewal of their motion to dismiss [*Id.* at *2*].

On April 5, 2012, defendant Steven Crites filed a motion to dismiss [Doc. 43]. On April 9, 2012, this Court issued a *Roseboro* Notice [Doc. 47] to the defendant. After the plaintiff sought permission to amend the Amended Complaint, defendant Crites filed a Response to Motion for Leave to File Second Amended Complaint and Motion to Renew Motion to Dismiss and Reply Brief Previously Filed by Defendant Steven Crites [Doc. 78] on June 25, 2012. This Court specifically noted the defendant's renewal of his motion to dismiss in its July 12, 2012, Order Granting Motion to Dismiss by Defendant Steven Crites [Doc. 84 at 2-3].

On July 25, 2012, the plaintiff filed the pending Motion for Reconsideration [Doc. 93] in which the plaintiff objected to the dismissal of the following defendants on the basis that

they failed to file new motions to dismiss after the plaintiff revised the complaint by way of the Second Amended Complaint: Magistrate Judge Harry L. Snow, Corporal Joseph Walker, West Virginia Judicial Investigation Commission, the Honorable Ronald E. Wilson, and Steven Crites [*Id.* at 2]. In addition, the defendant argues that this Court should have ruled on the merits of any pending motions before dismissing the defendants [*Id.* at 3].

## II. Applicable Standard

The plaintiff does not specify whether he is bringing his motion to dismiss pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fourth Circuit Court of Appeals ("Fourth Circuit") has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) where that motion has been filed within the specified time period. **Lee-Thomas v. Prince George's County Public Schools**, 666 F.3d 244 (4th Cir. 2012); **Katyle v. Penn Nat'l Gaming, Inc.**, 637 F.3d 462, 471 n.4 (4th Cir. 2011); *see also* **Foman v. Davis**, 371 U.S. 178 (1962). Here, the plaintiff's motion for reconsideration was filed within the 28-day deadline of all the orders pertaining to the motions to dismiss; accordingly, the motion will be construed as a Rule 59(e) Motion to Alter or Amend a Judgment. *See* FED. R. CIV. P. 59(e).

A district court has some discretion when ruling upon a motion to alter or amend a judgment pursuant to Rule 59(e) because the rule does not list specific grounds. *See* FED. R. CIV. P. 59(e). However, given the extraordinary relief sought in a motion to amend or alter a judgment, there are four basic grounds upon which such a motion is granted: (1) it

is necessary to correct manifest errors of law or fact upon which the judgment is based, (2) there is newly discovered evidence, (3) it is necessary to prevent manifest injustice, or (4) there has been an intervening change in controlling law. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d. ed. 1995).

### III. Discussion

In his motion, the plaintiff states that he requests this Court to reconsider the orders of dismissals and to rule upon other various motions [Doc. 93 at 2-3, referring to Docs. 23, 24, 35, 39, 43, and 80 and Docs. 49, 58, 69, and 77].

### A. Orders Regarding the Various Motions to Dismiss

The plaintiff argues that this Court should not have granted the motions to dismiss filed by defendants Magistrate Judge Harry L. Snow, Corporal Joseph Walker, West Virginia Judicial Investigation Commission ("WVJIC"), the Honorable Ronald E. Wilson, and Steven Crites because those defendants failed to file renewed motions to dismiss after the plaintiff was granted leave to file a Second Amended Complaint [Doc. 93 at 2]. The plaintiff cites to a Fourth Circuit decision in support of his argument that the plaintiff's Second Amended Complaint rendered the motions to dismiss moot [*Id.*, citing ***Young v. City of Mount Ranier***, 238 F.3d 567, 573 (4th Cir. 2001)]. As such, it appears that the plaintiff is arguing that an alteration or amendment of this Court's orders dismissing defendants Snow, Walker, WVJIC, Wilson, and Crites is necessary to correct manifest errors of law or fact upon which those judgments are based.

This Court first notes that the plaintiff's representation of the defendants' motions to

dismiss is inaccurate. Defendant Corporal Walker was the only defendant who did not specifically renew his motion to dismiss after the plaintiff was granted leave to file his Second Amended Complaint. Defendants Snow, WVJIC, Wilson, and Crites filed documents stating that they were renewing their motions to dismiss after the plaintiff was granted leave to file a Second Amended Complaint [*See* Docs. 79 and 78]. Furthermore, this Court specifically found that there was no requirement for Defendant Corporal Walker to file a renewed motion to dismiss because the Second Amended Complaint merely corrected a typographical error in a paragraph of the complaint that did not even pertain to Corporal Walker [Doc. 90 at 2, citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d. ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."); and ***Dolgaleva***, 264 Fed.Appx. at 825 (discussing the procedural history of a case in which a district court determined that a defendant was not required to file a new motion to dismiss after an amended complaint was filed) (the district court's ruling on the motion to dismiss was reversed in part on other grounds)].

The plaintiff appears to argue that this Court's orders dismissing the defendants from this proceeding were based upon manifest errors of law or fact on the basis that his Second Amended Complaint rendered the pending motions to dismiss moot [Doc. 93 at 2, citing ***Young***, 238 F.3d at 573]. However, the case on which the plaintiff relies in support of this argument pertained to a plaintiff's right to challenge dismissed claims from the original complaint that were not re-alleged in an amended complaint. ***Young***, 238 F.3d at 573. In

7

*Young*, the Fourth Circuit stated in dicta that "an amended pleading supercedes the original pleading, rendering the original pleading of no effect." *Id.* However, contrary to the plaintiff's argument, the Fourth Circuit did not state that a defendant is required to file a new motion to dismiss if the plaintiff amends the complaint after the defendant has filed the motion to dismiss. As such, the plaintiff has failed to show that this Court's orders dismissing defendants Snow, WVJIC, Wilson, Crites, and Walker were based upon manifest errors of law or fact.

In this case, the plaintiff merely moved to revise a typographical error in the Second Amended Complaint. As such, the defendants were not required to file new motions to dismiss. Despite the minor revision to the Amended Complaint, nearly all of the defendants specifically renewed their motions to dismiss to specifically state that those motions pertained to the plaintiff's Second Amended Complaint [Docs. 78, 79, and 80]. To the extent that defendant Corporal Walker did not file such a renewal, this Court found that such a renewal was not necessary [Doc. 90 at 2]. Although the plaintiff attempts to argue that this was a manifest error by the Court, this Court disagrees. The defendants were not required to file new motions to dismiss simply because the plaintiff filed a Second Amended Complaint to correct a typographical error. Accordingly, the plaintiff's Motion to Reconsider **[Doc. 93]** is hereby **DENIED** to the extent that it pertains to this Court's Orders Granting Motions to Dismiss [Docs. 84, 85, 86, 90, and 91].

### B. Order Striking the Case from the Active Docket

The plaintiff argues that this Court erred by failing to address other pending motions to dismiss prior to dismissing the defendants in this proceeding [Doc. 93 at 2-3, referring

8

to Doc. 49, 58, 69, and 77]. The plaintiff argues that the failure to address these motions is a denial of his due process rights because the lack of a decision provides the plaintiff with nothing to appeal [*Id.* at 3]. The plaintiff expresses particular interest in a ruling by this Court on his Motion for Reconsideration of Denial of Petitioner for Writ of Prohibition and in Dismissing the Case With Prejudice [*Id.* at 4, discussing Doc. 77].

The defendants in this proceeding each filed a motion to dismiss. Those motions to dismiss were based upon arguments that this Court lacked subject-matter jurisdiction, the plaintiff failed to state a claim upon which relief could be granted, and that some of the defendants were entitled to immunity from suit [Docs. 23, 24, 35, 39, 43, and 80]. The plaintiff argues that this Court erred by ruling upon the motions to dismiss before ruling upon all of his pending motions. However, the plaintiff has not explained how this was a manifest error of law or fact.

The motions to dismiss pertained to timely concerns such as jurisdiction and sufficiency of the allegations contained in the complaint. In addition, the Fourth Circuit has specifically stated that "[q]ualified immunity is an entitlement to be free from suit, and thus is a question of law that is properly decided as early as possible." ***Maitilaaso v. Timberlake***, 1996 WL 44109, *2 (4th Cir. 1996). Accordingly, this Court did not err by ruling on the motions to dismiss before addressing the plaintiff's remaining motions. Furthermore, once all of the motions to dismiss had been granted by this Court, no defendants remained in this case. The plaintiff argues that this Court should have continued to rule on any pending motions after it determined that the plaintiff had failed to state a claim against defendants WVJIC, Wilson, Snow, and Riley and had attempted to

9

bring a malicious prosecution claim against defendants Crites and Walker that was not yet ripe for review. However, this Court does not find that its order striking the case from the active docket of this Court was based upon a manifest error of law or fact. Accordingly, the plaintiff's Motion to Reconsider **[Doc. 93]** is hereby **DENIED** to the extent that it pertains to this Court's order striking this case from the active docket of this Court [Doc. 91].

## IV. Conclusion

For the foregoing reasons, the plaintiff's *pro se* Motion for Reconsideration of Dismissing Case and Request for Ruling Upon the Merits of Pending Motions **[Doc. 93]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and to mail a certified copy to the *pro se* plaintiff.

**DATED:** August 8, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE